UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK,

Plaintiff,

v. Case No: 6:12-cv-1019-Orl-22TBS

DEBRA LEWIS and LAUREN PHILLIPS,

Defendants.

---

# ORDER

Pending before the Court is Plaintiff, Allstate Life Insurance Company of New York's, Amended Motion for Attorney's Fees and Costs. (Doc. 33). Plaintiff previously filed a motion for attorney's fees (Doc. 31), which the Court denied without prejudice because Plaintiff had not certified under Local Rule 3.01(g) that he has conferred with counsel for Defendants. (Doc. 32).

Additionally, the billing statement for Plaintiff's counsel that was attached to the motion was unclear. According to the statement, Plaintiffs' counsel worked a total of 12.3 hours at a rate of $325.00 per hour. By the Court's math, 12.3 x $325.00 = $3,997.50. Plaintiff's counsel requested $13,012.30. The statement appeared to charge Plaintiff $325.00 at 0 hour and then charge on top of the $325.00 for every tenth of an hour worked. The Court directed Plaintiff, upon re-filing its motion, to take care to clarify counsel's billing statement and the discrepancy between the Court's sum and counsel's requested fee.

Plaintiff still has not complied with Local Rule 3.01(g). Plaintiff's counsel represents that he has conferred with Defendant's counsel, who has no objection to Plaintiff's right to receive attorney's fees, but he has not stated whether he has conferred with Defendant's counsel concerning the amount of fees Plaintiff requests and if he has, what Defendant's response was. (Doc. 33 ¶ 7).[1] Local Rule 3.01(g) requires counsel to confer in a good faith effort to resolve issues before most motions are filed. Ideally, counsel will speak in person but if that is not feasible, the Court expects the lawyer for the moving party to pick up the phone and call his opponent. The Court also expects the opponent's lawyer to take the telephone call or promptly return it and that counsel have a real, good faith conversation before a motion is filed. The Court has already determined that Plaintiff's counsel is entitled to attorney's fees (see Doc. 29); now, Plaintiff's counsel should confer with Defendant's counsel as to whether Defendant objects to the amount of fees Plaintiff requests, particularly because Defendant Lauren Philips's proceeds are subject to Plaintiff's attorney's fees and costs. (Id.).

Plaintiff's second motion for attorney's fees does not clarify its previous motion. Without addressing the Court's concerns, Plaintiff inexplicably requests $4,000 in attorney's fees and $449.95 in costs. Plaintiff has provided no affidavits or billing ledgers to support the more than $9,000 reduction in its request. It is not the Court's responsibility to marry the two motions and guess at sums and figures. A fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and

[1] Paragraph 7 is convoluted. It states "Plaintiff has conferred with Counsel for Defendant, Lauren Phillips, and he has indicated that Plaintiff has no objection to Plaintiff's entitlement to recover its reasonable attorney's fees and costs, however, he has not conferred with his counsel as to whether she agrees to the amounts sought." (Doc. 33 ¶ 7, emphasis added to denote ambiguous portions of the statement). Regardless of the statement's ambiguities, it is clear that Plaintiff has not met the 3.01(g) standard.

hourly rates.... [And fee counsel must supply] the court with specific and detailed evidence[.]" Norman v. Hous. Auth., 836 F.2d 1292, 1303 (11th Cir.1988). At a minimum, the party seeking attorney's fees must produce more than an affidavit from the attorney performing the work. Id. at 1299.

Accordingly, Plaintiff's motion is **DENIED** without prejudice . If Plaintiff files a third motion for attorney's fees, it must provide a detailed billing ledger that reflects the time spent on each task. Also, Plaintiff is directed to support its motion "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 4 (M.D. Fla. Jan. 6, 2010). If Plaintiff's billing ledger contains the inconsistencies noted in the Court's first Order denying without prejudice Plaintiff's motion for fees (Doc. 32), Plaintiff should explain the inconsistencies and why the new figure is reliable. Finally, Plaintiff shall provide the court with a detailed bill of costs.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on the 16th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties