UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE LIFE INSURANCE
COMPANY OF NEW YORK,

     Plaintiff,

v.                                                              Case No:  6:12-cv-1019-Orl-22TBS

DEBRA LEWIS and LAUREN PHILLIPS,

     Defendants.

_____

### REPORT AND RECOMMENDATION[1]

     Pending before the Court is Plaintiff, Allstate Life Insurance Company of New York's Second Amended Motion for Attorney's Fees and Costs.   (Doc. 36).

### I.    Background

     According to the Plaintiff's Complaint (Doc. 1), in 2001, Plaintiff issued a term life insurance policy providing a $100,000 death benefit to Daniel J. Bolbrock.  After Bolbrock's death, the Defendants made conflicting claims for the benefit and Plaintiff instituted this interpleader action against both Defendants.  (Id.)  Defendant Lauren Phillips answered and filed a crossclaim against Defendant Debra Lewis, alleging that Lewis had forged Bolbrock's signature on a change of beneficiary form or that Bolbrock was not of lucid mind when he changed the beneficiary form.  (Doc. 17).  Lewis was served and failed to answer Plaintiff's Complaint.  (Docket).  Plaintiff moved for the entry of default and on August 13, 2012, the Clerk entered a default against Lewis with respect

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

to the interpleader Complaint.  (Doc. 22).  Lewis also failed to respond to the crossclaim, but Phillips has not sought the entry of a default.  (Docket).

On September 10, 2012, Plaintiff filed a motion for default judgment and declaration of rights.  (Doc. 27).  The Court granted Plaintiff's motion and entered judgment finding that Phillips is entitled to the proceeds of the policy, subject to Plaintiff's fees and costs for bringing this action.  (Doc. 29).  The Court also determined that Phillips' crossclaim against Lewis was moot.  (Id.)  The Court referred the determination of Plaintiff's attorney's fees and costs to me for a report and recommendation.

Plaintiff filed a motion for attorneys' fees and costs in which it requested $13,012.30 in fees based upon 12.3 hours of attorney time at $325 per hour.  (Doc. 31).  Plaintiff also sought $350 for the filing fee and $99.95 for service of process on the Defendants.  (Id.)  The motion is supported by counsel's affidavit that includes an exhibit, which he testifies "accurately reflects the reasonable hours expended for the tasks completed in this litigation which was necessary to prosecute the action."  (Id.)  Using the hours and rates Plaintiff claimed results in a total fee of $3,997.50.  In view of this almost $9,000 discrepancy and because Plaintiff's motion did not comply with Local Rule 3.01(g), I denied the motion without prejudice.  (Doc. 32).  In my Order, I instructed Plaintiff to clarify its claim and explain the difference between the $13,012.30 sought and the Court's $3,997.50 calculation.  (Id.)

In its amended motion, Plaintiff stated that "estimated attorney's fees are $4,000 and the costs are $449.95."  (Doc. 33).  There were no time records, bill of costs or affidavits attached to or incorporated into the amended motion and Plaintiff failed to explain how it arrived at the new amount for attorneys' fees.  (Id.)  The amended motion

also did not comply with Rule 3.01(g), but Phillips filed a separate paper consenting to the granting of the motion (Doc. 34 ).

Because I was still in doubt concerning the amounts due to Plaintiff, I entered an Order denying the amended motion with leave to file a second amended motion for attorneys' fees and costs.  (Doc. 33).  In my Order I told Plaintiff that it needed to provide a detailed billing ledger that reflected the time spent on each task, and I directed Plaintiff to support its motion "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." <u>Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern.</u>, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 4 (M.D. Fla. Jan. 6, 2010).  I also told Plaintiff that if its billing ledger contained the same inconsistencies noted in the Court's first Order then it should explain the inconsistencies and why Plaintiff's new figure was reliable.  Finally, I instructed Plaintiff to provide the Court with a detailed bill of costs.  (Doc. 35).

This case is now before the Court on Plaintiff's second amended motion for attorney's fees and costs.  (Doc. 36).  This time, Plaintiff is requesting $3,997.50 in attorney's fees and $449.95 in costs, i.e., the amounts which appeared to be correct based upon the affidavit attached to the original motion.  (<u>Id</u>.)  Plaintiff represents that Phillips does not oppose its motion.  (<u>Id</u>.)  The Plaintiff has not complied with this Court's prior Order because: (1) while there is a billing ledger attached to the first motion, it was not incorporated into the current motion and Plaintiff has never explained how it arrived at $13,012.30 based upon that ledger; (2) Plaintiff has not supported its motion with evidence of rates charged under similar circumstances, or opinion evidence of what a reasonable rate is for the services rendered; and (3) Plaintiff has failed to provide the

Court with a detailed bill of costs.  (Id.)  Plaintiff also has not complied with M.D. Fla.

Local Rule 3.01(a), which required it to file a memorandum of law in support of its motion.

## II.    Discussion

As a general rule, even when a party fails to oppose a motion for attorney's fees,

the Court still has a duty to individually assess the reasonableness of the fee requested.

United Student Aid Funds, Inc. v. Gary's Grading & Landscaping, No. 6:07-cv-1140-Orl-

19DAB, 2009 WL 161711 * 5 (M.D. Fla. Jan. 21, 2009) (citing Godoy v. New River Pizza,

Inc., 565 F. Supp. 2d 1343, 1347 (S.D. Fla. 2008)).  It is customary to assess attorney's

fees and costs against the party who prevails in an interpleader action; and the

preparation of a motion for attorney's fees and costs supported by time records, a bill of

costs, affidavit of movant's counsel, and the affidavit of a disinterested attorney should be

a simple matter.  After three attempts, Plaintiff still has not submitted a motion that is fully

documented and supported by appropriate evidence and legal authorities.  While the

amounts requested by Plaintiff appear reasonable, Plaintiff has failed to provide the Court

with the information necessary to make an independent assessment of the

appropriateness of the claimed fees.

During this process, payment of the life insurance benefits due to Phillips is,

presumably, delayed.  In other circumstances, I would recommend that the Court award

Plaintiff fees based solely on the Court's knowledge and experience, but not where

Plaintiff has failed to comply with two Court Orders explaining why its motions were

deficient.  Accordingly, I recommend that Plaintiff's prayer for attorney's fees be denied.

Although the motion currently before the Court does not contain any evidence to

support the award of costs, and Plaintiff has not filed a bill of costs, I find that the filing fee

and fees for service of process are recoverable under 28 U.S.C. § 1920 and Fed. R. Civ.

P. 54(d).  I also find that these costs were reasonably necessary to the prosecution of this action.  Therefore, I recommend that Plaintiff be awarded $350 for the filing fee and $99.95 for service of process for a total of $449.95 in taxable costs.

Now, I respectfully recommend that the Court:

1. **DENY** Plaintiff, Allstate Life Insurance Company of New York's Second Amended Motion for Attorney's Fees. (Doc. 36).

2. **GRANT** Plaintiff, Allstate Life Insurance Company of New York's Second Amended Motion for Costs (Doc. 36) and award Plaintiff $449.95 in taxable costs.

3. **DIRECT PAYMENT** of $99,550.05 of the proceeds from Daniel J. Bolbrock's life insurance policy to Defendant Lauren Phillips and the remaining $449.95 to Plaintiff.

4. **DIRECT** the Clerk to terminate any pending motions and close the case.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 7th day of November, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Presiding United States District Judge
Counsel of Record
Unrepresented Parties